*ORIGINAL*

FILED 14 MAY '20 16:52 USDC-ORE

Barbara K. Parmenter
1863 Pioneer Parkway E. #659
Springfield, Oregon 97477
Telephone No.: (541) 937-1234
E-mail: bparmenter97478@gmail.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBARA K. PARMENTER<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE FOR BCAT 2017-19TT, AND BCAT 2017-19TT, AND SHELLPOINT MORTGAGE SERVICING<br><br>Defendants. | Case No. 6:20-cv-792-mk<br>(to be filled in by the Clerk's Office)<br><br>EMERGENCY - URGENT COMPLAINT AND REQUEST FOR INJUNCTION |

I.  The Parties to This Complaint
   A. The Plaintiff(s)
      Barbara K. Parmenter
      Barbara K. Parmenter, Trustee of the Barbara K. Parmenter Living Trust
      Barbara K. Parmenter, Manager of BOBBI L.L.C., a Delaware Corporation
      Address: 1863 Pioneer Parkway E. No. 659, Springfield, Oregon 97477
      Telephone Number: (541) 937-1234
      E-mail Address: bparmenter97478@gmail.com

1

*The Plaintiff has been verified by her professional health care providers as a communications disabled person resulting from multiple traumatic brain injuries. The Plaintiff and her professional health care providers have been diligent in requesting and trying to secure the Plaintiff reasonable aids and services to accommodate her communications disabilities in the State of Oregon and in the Federal Bankruptcy and District of Oregon Courts to no avail.

*Under the Americans with Disability Act, Section 504 of the Rehabilitation Act of 1973, the Judicial Guide, and the Judicial Conference Plaintiff is entitled to effective aids and services of her choice to accommodate her handicaps and disabilities at court expense. Under 42 U.S.C.@12188 Plaintiff is entitled to compensatory and punitive damages. As a disabled person she is also entitled to treble punitive damages all of which she is herein reserving her rights to pursue and receive once she is given legal representation as a reasonable accommodation.*

A. The Defendant(s)
   Defendant No. 1
   Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Trustee For BCAT 2017-19TT
   Attorneys and Address: ZBA LAW, LLP
   Jeffrey A. Meyers, Esq. & Scott D. Crawford, Esq.
   One World Trade Center
   121 SW Salmon Street 11th Floor
   Portland, Oregon 97204
   Telephone No.: (503) 946-6558 ext. 801
   E-mail Address: jmeyers@zbalaw.com

B. The Defendant(s)
   Defendant No. 2
   Shellpoint Mortgage Servicing
   P.O. Box 10826
   Greenville, South Carolina 29603

C. The Defendant(s)
   BCAT 2017-19TT

C/O Wilmington Savings Fund Society, FSB listed above

II. Statement of Claims; In the U.S. Bankruptcy Court for the District of Oregon, Eugene Branch and in the Oregon Circuit Courts for the County of Lane

PLAINTIFF was verified as being *incompetent from traumatic brain injuries* received in the second suspicious whiplash vehicle crash on 12/29/2008. On 12/30/2008 Pro Hac Vice attorney Samuel L. Boyd filed an illegal foreign judgment against Plaintiff for $130,000.00 by intervention into Plaintiff's Oregon Circuit Court for the County of Lane Legal Negligent Case against the three time disbarred and felon attorney Justice Buck Humphreys. The illegal judgment filing coerced the then incompetent Plaintiff into trying to file a small business Chapter 11 Bankruptcy to protect herself, her businesses and her finances. But, Boyd had deceived Plaintiff into believing he had also been a victim of the twice disbarred and felon attorney Justice Buck Humphreys in order to secure legally representing her against Humphreys when in fact Boyd had dropped his lawsuit against Humphreys who he had previously been involved with in fleecing clients just as they were now fleecing Plaintiff.

Plaintiff never received requested accommodations from the courts for her professional health care provider's verified severe communications disabilities which enabled the groups of judges and involved attorneys to unlawfully fleece her of her businesses and income and development properties worth tens of millions of dollars' that rightfully belong to her and her family. This Injunction to stop an illegal foreclosure is one of the many unlawful state court actions used to fleece the disabled, vulnerable, and elderly Plaintiff.

*On March 5, 2009 the then incompetent Plaintiff tried to file her Chapter 11* but she had never taken the required credit counseling. The record shows the judge changed the filing date to March 9, 2009. Because Plaintiff had sued the self-insuring Oregon State Bar previously on November 4, 2004 for reinstating the known twice previously disbarred and felon attorney Justus Buck Humphreys all of the Oregon mandatory State Bar members which included the US Bankruptcy and District of Oregon Judges had a concealed and undisclosed financial conflict of interest with Plaintiff. Once she had regained some of her mental capacities Plaintiff asked to have her case dismissed because she was far from and was never bankrupt. The Judge refused to dismiss her case and the group of Oregon

3

State Bar members fleeced Plaintiff of her millions in assets over the past eleven years.

Plaintiff has never been given an accommodation or effective legal representation even when the BAP requested she be given legal representation by the then U.S. District Court Judge Michael McShane.

42 U.S.C. § 12132 provides, "No qualified individual with a disability shall, by reason of such disability, be excluded from participating in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

As a prior Oregon Circuit Court Judge in October 2003 for the County of Multnomah Judge Michael McShane participated in the first "Fraud Upon The Court Case" against Plaintiff who was represented at that time in her personal injury case by the former Dallas, Texas and reinstated Oregon attorney Justus Buck Humphreys.

After the "Fraud Upon the Court" in Plaintiff's Personal Injury Case in October 2003 Plaintiff's office personal researched Humphreys' background again and discovered he was really Lloyd Edwin Humphreys. In her following case against the Oregon State Bar it was revealed in discovery that the Oregon State Bar had given Humphreys aliases by someone at the Oregon State Bar tampering with public records, a crime. Plaintiff had to sue Pro Se as no Oregon State Bar member attorney would sue their own self-insuring Oregon State Bar. The OSB member judge(s) dismissed her resulting case(s) and Plaintiff's further legal research revealed the Oregon State Bar had been made a State of Oregon Government Agency. SEE: STATE EX REL FROHNMAYER v. OREGON STATE BAR; CC98C-12045, 767 P. 2d 893 (1989). CA A47455; SC S35408. In 1978 Former Syrian immigrant family Governor Victor Atyieh made Oregon the first and only legal sanctuary state. Seven years after becoming a State the Oregon Legislature rescinded the Fourteenth Amendment= a totalitarian state.

For the first time since the crime sprees began against Plaintiff in 1990 and as of January 21, 2020 Pro Hac Vice attorneys no longer have to be members of the Oregon State Bar in order to take a case in Oregon. Plaintiff may now be capable of securing or being granted effective legal representation.

III. JURISDICTION

4

UNDER 28 U.S. Code @ 1334 Bankruptcy cases and proceedings it states:

(a)     Except as provided in subsection (b) of this section, the District courts shall have original and exclusive jurisdiction of all cases under title 11.

(b)     Except as provided in subsection (e) (2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S. Section 1452 A at 1452 itself indicates ("Removal of claims related to bankruptcy cases"), matters that can be removed include claims "related to" a bankruptcy case within the meaning of 28 U.S.C. at 1334(b). In addition to 28 U.S.C. at 1452(A), and civil action brought in a state court may also be subject to removal pursuant to 28 U.S.C.

…..Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(e) The district court in which a case under title 11 is commenced or is pending

5

shall have exclusive jurisdiction—

(1) of all property, wherever located, of the debtor as of the commence-ment of such case, and of property of the estate; and

(2) over all claims or causes of action that involve construction of Section 327 of Title 11, United States Code, or rules relating to disclosure requirements under section 327.

The Supremacy Clause of the United States of America:

It is well settled that "(a) Congressional grant of exclusive jurisdiction to the federal court includes the implied power to protect that grant" as was required under Gonzales, 830 F. 2d at 1036.  <u>A bankruptcy court may not decline to invoke this power in the "face of a clearly invalid state court action infringing upon the bankruptcy court's exclusive jurisdiction."</u> **The bankruptcy court was required to reopen the proceedings to protect its exclusive jurisdiction over the enforcement of its orders.  Cf.id (holding that the bankruptcy court properly vacates a state court judgment and properly holds that a state court's action was void from the onset when the state court proceeded with an action in violation of an automatic stay or court order).**

The Aid of Jurisdiction Exception

Under the Aid of Jurisdiction Exception, federal courts can enjoin state court

6

proceedings if "necessary in aid of" the federal court's jurisdiction. The exception's history indicates that its purpose was "to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the District courts. In other words, if a lawsuit begun in state court is removed to federal court, the federal court can enjoin the state court from continuing to exercise jurisdiction. The Aid of Jurisdiction Exception also applies" when the federal court first acquires jurisdiction in parallel *in rem* actions."

IV.

In addition to stopping the unlawful foreclosure Plaintiff is seeking financial damages from the Defendant's Wilmington Savings Fund Society, FSB, BCAT 2017-19TT, and Shellpoint Mortgage Servicing as well as their management companies and reserves her rights to seek financial damages in this case once she has secured NECESSARY and effective legal representation.

V.

Enclosed and attached: U.S. Bankruptcy Court for the District of Oregon Case No 09-60875-fra11 "ORDER AUTHORIZING ABANDONMENT (57TH STREET) AND NOTICE RE ORDER CONFIRMING CHAPTER 11 PLAN, ANY APPROPRIATE INUNCTION AND DISCHARGE. Under #3, #4, the property was revested free and

clear to Debtor and commencement of any action to collect or recover from

debtor or property is enjoined. Such documents are again enclosed for the court.

Respectfully submitted this 14th day of May, 2020.

_____
Barbara K. Parmenter

FILED 14 MAY '20 16:52 USDC-ORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I have served a true copy of the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON EMERGENCY-URGENT COMPLAINT AND REQUEST FOR INJUNCTION and enclosed Affidavit by mailing a true copy of such at the Gateway Postal Service, in Springfield, Oregon that is addressed and stamped to the below named persons this 14th day of May, 2020.

Barbara K. Parmenter

ZBA, LLP
Jeffery A. Meyers
Scott D. Crawford
Attorneys for Plaintiff
121 SW Salmon Street, 11th Floor
Portland, Oregon 97204
Telephone No. (503) 296-2884

State of Oregon
C/O Cheryl Hiemstra
1162 Court Street NE
Salem, Oregon 97301

Shellpoint Mortgage Servicing
P.O. Box 619063
Dallas, Texas 75261-9063